■ ELIZABETH EVANGELISTA, Appellant, v AMADO R. EVANGELISTA, Respondent. — In a matrimonial action, the plaintiff wife appeals from so much of a judgment of the Supreme Court, Queens County (Santagata, J.), entered November 22, 1983, as directed that payment of weekly maintenance by defendant

husband commence with the date of service upon him of a copy of the subject judgment with notice of entry.

Judgment reversed insofar as appealed from, on the law, with costs, and defendant is directed to make the aforementioned payments commencing as of September 2, 1982. Defendant's time to pay the retroactive amount of maintenance is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

An order for the payment of maintenance in a matrimonial action shall be effective as of the date of the application therefor (Domestic Relations Law § 236 [B] [6] [a]; *Khalily v Khalily,* 99 AD2d 482; *Rodgers v Rodgers,* 98 AD2d 386). An application is deemed made upon service of the summons with maintenance identified as ancillary relief, or of a complaint containing a prayer for maintenance (Siegel, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:19 [1984-1985 Supp Pamph]).

The summons and complaint in the instant case were served on September 2, 1982. Accordingly, Special Term erred in failing to make that date the effective date upon which defendant's obligation to pay maintenance commenced. Gibbons, J. P., Thompson, Weinstein and Lawrence, JJ., concur.