■ JAMES SPAIN, Appellant, v JO-ANN SPAIN, Respondent.— Mikoll, J. Appeal from a judgment of the Supreme Court granting plaintiff a divorce, entered September 29, 1986 in Greene County, upon a decision of the court at Trial Term (Bradley, J.), without a jury.

Plaintiff sued for divorce seeking custody of the parties' infant son, child support and equitable distribution of the marital assets. On July 12, 1985, the parties stipulated to a divorce based on constructive abandonment. Remaining issues were referred to a hearing. After the hearing, Trial Term ordered: joint custody of the son, with physical custody awarded to plaintiff; defendant to pay plaintiff $30 a week in child support commencing on July 19, 1985; defendant to pay $1,730 to plaintiff, which sum the court found to be one half of plaintiff's outstanding debts. The court held that this sum represented a fair distribution of the proceeds of the sale of a gas station acquired by the parties in the course of the marriage. The court indicated that in making the award it was counterbalancing plaintiff's cancellation of insurance cov-

erage, available to defendant without further cost to plaintiff, which necessitated an expenditure by defendant of some $9,000 in medical costs. The court also found that there were no marital assets to equitably distribute.

The major asset of the marriage was a gas station purchased in 1969 during the marriage. Title to the property was in defendant's name, but both parties' names appeared on the mortgage covering the property. The parties disputed the source of the down payment. After the purchase, plaintiff made major improvements to the property. The gas station burned in 1981 and an insurance payment of $50,000 was made. The parties also disputed who received the money and how it was spent.

During the pendency of the divorce, defendant signed an option to sell the property. Plaintiff obtained an order to show cause seeking, *inter alia,* an injunction to preclude defendant from dissipating the proceeds. Trial Term denied the relief, finding that there was no evidence that the property was sold. After denial of the injunction, defendant sold the property for $38,000 and received all the proceeds. Defendant claims that the money was spent approximately as follows: $10,000 to pay for her surgeries; $11,300 payment to her mother; $5,000 payment to her sister; $6,000 to pay off the outstanding mortgage on the property; and the remainder used to pay off sundry debts, alleged to be for family obligations and to start up a new apartment for herself.

Plaintiff contends that Trial Term erred in granting joint custody of the child; in failing to make child support payments retroactive; in failing to make equitable distribution of marital assets; in denying plaintiff counsel fees; in denying plaintiff's request for a preliminary injunction to preserve the assets realized from a sale of the gas station by defendant; and in failing to set forth its findings and reasons as required by Domestic Relations Law § 236 (B) (5) (g).

Addressing plaintiff's assertion of error in Trial Term's denial of injunctive relief, and defendant's contention that this issue was not timely appealed, we hold that a review of these issues is now moot. The property has been sold and defendant has received all the assets. The instant action is the appropriate vehicle to assess the question of a division of the assets in the context of equitable distribution.

We concur with plaintiff's contention that Trial Term erred in its finding that there were no marital assets to distribute. The court's finding to this effect is contradicted by its order

that defendant pay plaintiff. $1,730 as "fair and equitable distribution" of the proceeds of the gas station. Neither party contested the fact that the gas station was acquired during the marriage and was thus marital property. The $38,000 payment received by defendant was an asset directly attributable to marital property and subject to marital distribution *(see, Reiner v Reiner,* 100 AD2d 872). The court erred, too, in its handling of the medical expenses incurred by defendant by finding that plaintiff was fully responsible therefor. The record fails to bear out how much would have been actually covered by insurance, whether the surgery was necessary or was cosmetic in nature, and whether it was plaintiff's obligation to pay for it.

Since there are marital assets, Trial Term is required to make appropriate findings as to distribution in conformity with Domestic Relations Law § 236 (B) (5) (d), which sets forth the factors to be considered. In this regard, consideration should be given to the contributions made by the parties to the acquisition of this asset; the source of original funding; whether plaintiff contributed to an increase of its value by making improvements before and after the fire; whether assets were used to pay family obligations and to what extent; whether payments to defendant's mother and sister were a subterfuge in view of plaintiff's contention that there was a forgiveness of loans; and to whatever other factors are appropriate pursuant to the dictates of the statute. These considerations require a resolution of credibility questions as well as specific findings of fact and conclusions of law. While this court has the power to review the record and make the necessary determinations with regard to factors which must be considered, this record lacks the necessary information to permit a weighing of these factors. It is thus necessary to remit this case to Supreme Court *(see, Matter of Gulli v Gulli,* 118 AD2d 970).

Regarding joint custody, we note that the child was 15 years old at the time of the hearing. He has lived with his father since defendant left the family residence in 1984. The child holds an antipathy towards defendant, refusing to visit with her and to communicate with her. The child was in the courthouse and plaintiff requested Trial Term to interview him, which the court failed to do. Defendant contends that plaintiff has turned the child against her. Joint custody is only appropriate in those cases where the parents indicate a stability and civility which would make joint custody in the best interest of a child *(Matter of Venable v Venable,* 122 AD2d

374). In view of the paucity of information in this record and the failure of the court to interview the child, there is little on which to base a judgment with regard to the best interest of the child. On remittal, a more careful evaluation of the custody question is indicated with appropriate findings of fact.

Finally, plaintiff, in his summons served May 21, 1984, sought reasonable child support. Domestic Relations Law § 236 (B) (7) (a) states that child support orders "shall be effective as of the date of the application therefor", which is the date a summons was served with a request for child support identified as ancillary relief *(Evangelista v Evangelista,* 111 AD2d 904, 905). The order of child support herein should have been made retroactive to the date of service of the summons, May 21, 1984.

On the question of counsel fees, which plaintiff contends should have been granted to him, the record discloses that plaintiff did not comply with the rules of the court in seeking counsel fees. He did not request counsel fees during the action, he failed to submit affidavits in compliance with 22 NYCRR former 863.4 (a) and (b) and, finally, he was not granted relief from compliance with this rule. Under such circumstances, counsel fees should not be granted *(see, Breckinridge v Breckinridge,* 103 AD2d 900, 901).

Judgment modified, on the law, without costs to plaintiff, by deleting the second through fifth decretal paragraphs thereof; matter remitted to Supreme Court for further proceedings not inconsistent herewith; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.