■ LAURIE S. BONHEUR, Respondent-Appellant, v HOOSHANG H. BONHEUR, Appellant-Respondent.—In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Graci, J.), entered March 31, 1986, as (1) awarded custody of the infant issue of the parties to the plaintiff wife, (2) distributed the marital property, (3) awarded certain open-ended payments to the plaintiff wife, (4) awarded counsel fees to the plaintiff wife, and (5) declined to consider the tax consequences of the distributive awards, and the plaintiff wife cross-appeals from so much of the same judgment as (1) denied her an equitable share of the former marital residence, (2) distributed the marital property, (3) failed to make an award of child support retroactive to the date of commencement of the action, (4) awarded certain open-ended payments, and (5) limited the award of counsel fees to $7,500 to Burton Citak and $750 to Kenneth Koopersmith.

Ordered that the judgment is modified, on the law, by (1) deleting from the ninth decretal paragraph thereof the words "the sum of $150.00 per week ($75.00 per child)", and "October 1, 1982, the date plaintiff left the marital home" and substituting therefor, respectively, the words "the sum of $188.00 per week ($94.00 per child)", and "May 19, 1981, the date the action was commenced", (2) deleting from the tenth decretal paragraph thereof the words "the sum of $27,000 (10/

1/82-2/1/86, 180 weeks × $150.00)" and "there is due and owing by the defendant to the plaintiff the sum of $10,600.00", and substituting therefor, respectively, "the sum of $46,060 (5/19/81-2/1/86, 245 weeks × $188.00)" and "there is due and owing by the defendant to the plaintiff the sum of $29,660", (3) deleting from the eleventh decretal paragraph thereof the words "the sum of $10,600" and "$150.00" substituting therefor, respectively, the words "the sum of $29,660", and "$188.00" and (4) deleting the twelfth decretal paragraph thereof; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a determination as to whether there are any further arrears of child support due and owing and whether the defendant is entitled to any credit for payments made for camp, music lessons and religious instruction including transportation.

The court's award to the plaintiff of unspecified payments from the defendant for the children's summer camp, music lessons and religious instruction was improper and the award of child support is increased accordingly to include such contributions (see, Scheer v Scheer, 130 AD2d 479, 481). It was also error for the court to award child support arrears retroactive only to the date of a pendente lite support order rather than, as statutorily required, retroactively to the date of the application therefor (see, Domestic Relations Law § 236 [B] [7] [a]). The date of application is the date of service of the summons and complaint containing a request for child support (see, Evangelista v Evangelista, 111 AD2d 904, 905), which in the case at bar is May 19, 1981.

In all other respects we find the judgment proper for the reasons stated by Justice Graci in his memorandum decision dated February 7, 1986. Thompson, J. P., Weinstein, Eiber and Harwood, JJ., concur.