■ URSULA SOTIROPOULOS, Respondent-Appellant, v ALEXANDER SOTIROPOULOS, Appellant-Respondent.—Judgment, Supreme Court, New York County (Kristin Booth Glen, J.), entered May 29, 1990, which, *inter alia,* granted both parties a divorce, awarded plaintiff wife sole custody of the parties' child, and directed defendant to pay child support and maintenance to plaintiff commencing with the date of entry of the judgment, unanimously modified, on the law and the facts, to make defendant's child support and maintenance obligations retroactive to the date of the application therefor, and otherwise affirmed, without costs.

We have considered the numerous issues raised by the parties and find that the only basis for modification of the judgment is the trial court's failure to make the awards of child support and maintenance retroactive to the date of the application therefor, as required by Domestic Relations Law § 236 (B) (6) (a); (7) (a) *(see, Bonheur v Bonheur,* 141 AD2d 489; *Evangelista v Evangelista,* 111 AD2d 904). As the record does not permit this court to make an independent determination of the retroactive amounts due, the matter is remanded for that purpose *(see, Holcomb v Holcomb,* 148 AD2d 915, 917). While neither party is pleased with the awards of maintenance and child support, the trial court gave proper consideration to the relevant factors and its conclusions are supported by the record.

We find no error with respect to the court's award of sole custody of the parties' child to plaintiff. The issue of plaintiff's fitness as a custodial parent was never raised during the trial, and the record contains abundant evidence of the parties' inability to agree on even the most minor decisions concerning the care of the child, let alone major decisions concerning his upbringing. In view of this history of rancor, joint custody would not be tenable *(Trapp v Trapp,* 136 AD2d 178). Concur—Carro, J. P., Wallach, Ross and Rubin, JJ.