■ EDWARD R. MILLER, Respondent, v D. MERRILY MILLER, Appellant. [607 NYS2d 714] —In an action for a divorce and ancillary relief, the defendant wife appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated February 4, 1991, as,

after a nonjury trial, vacated all prior judgments of the same court awarding her arrears of temporary maintenance and child support, granted her permanent child support in the weekly sum of $250 for the three children of the parties' marriage, commencing on July 27, 1990, and failed to award her permanent maintenance and counsel fees.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the third decretal paragraph thereof, and (2) deleting the fifteenth decretal paragraph thereof vacating all prior money judgments in favor of the wife for arrears in temporary maintenance and child support, and reinstating all prior money judgments; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendant, and the matter is remitted to the Supreme Court, Westchester County, for a new determination of permanent child support, pursuant to Domestic Relations Law § 240 (1-b), which is to be awarded retroactive to December 16, 1985, with an appropriate credit for any pendente lite awards, and for an appropriate award of counsel fees to the wife; pending the new determination as to child support, the plaintiff shall continue to pay the defendant child support of $250 per week.

The parties were married in 1964. During their 21-year marriage, three children were born to the parties, both the husband and the wife obtained advanced educational degrees and employment in their fields of law and education, respectively, and together they acquired substantial financial assets, including real estate. The husband commenced the instant action for divorce in October 1985. By judgment dated February 4, 1991, the parties were divorced, after six years of litigation.

The wife contests several provisions of the judgment. First, she claims that the court erred in vacating two prior money judgments, dated May 11, 1988, and December 22, 1989, respectively, entered against the husband for arrears in pendente lite maintenance and child support. We agree. The husband made no application for cancellation of the arrears, nor did the court set forth the facts and circumstances constituting good cause for the cancellation, as required by Domestic Relations Law §§ 244 and 236 (B) (9) (b).

We also agree with the wife that the permanent award of child support should be retroactive to December 16, 1985, the date of the initial demand therefor (see, Domestic Relations Law § 236 [B] [7] [a]; see also, Bonheur v Bonheur, 141 AD2d 489; Salerno v Salerno, 142 AD2d 670; Evangelista v Evange-

*lista,* 111 AD2d 904). Furthermore, since the judgment does not provide the specific facts and figures considered by the court in arriving at the weekly child support award of $250 for the parties' three children, it is impossible to determine if the court abided by the Child Support Standards Act (Domestic Relations Law § 240 [1-b]). The court did not provide a reasoned explanation as to whether it deviated from those guidelines, and if it did so, the reasons therefor *(see,* Domestic Relations Law § 240 [1-b] [g]). Consequently, we remit the matter to the Supreme Court so that it may do the proper calculations and arrive at a statutorily-determined award of child support, supported by particular dollar amounts provided by the parties' updated financial information, or explain why its award deviates from the statutory guidelines.

We find no fault with the court's denial of permanent maintenance to the wife, since she is capable of being self-supporting. However, we direct the court to determine an appropriate award of counsel fees to the wife, in view of, *inter alia,* its prior judgment for $45,456.13 in favor of her former attorneys and against the wife, and the prolonged discovery proceedings necessitated by the husband's actions in the lawsuit *(see,* Domestic Relations Law § 237; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881). Bracken, J. P., Sullivan, Krausman and Goldstein, JJ., concur. [*See,* — AD2d —, Oct. 24, 1994.]