■ JAMES P. PURCELL, Appellant, v MARYANN PURCELL, Respondent. [610 NYS2d 805] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Nastasi, J.), dated January 14, 1992, as directed him to (1) retroactively pay $135 per week in maintenance for a period not to exceed six years, (2) retroactively pay $163 per week in child support, and to pay $111 per week in support upon the emancipation of the older child, and (3) pay a distributive award of $34,700 from his share of the proceeds of the sale of the marital residence.

Ordered that the judgment is modified, on the law and the facts, by deleting from the thirteenth decretal paragraph the sum of $34,700, and substituting therefor the sum of

$28,537.60; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the trial court properly awarded retroactive payments of maintenance and child support. The law is clear that an order for payment of maintenance and child support "shall be effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *Evangelista v Evangelista,* 111 AD2d 904, 905).

However, the Supreme Court erred by failing to distribute the wife's pension fund in the amount of $9,401.27 and her Individual Retirement Account in the amount of $2,923.53. The law is clear that an interest in a pension or retirement plan is marital property subject to equitable distribution *(Dolan v Dolan,* 78 NY2d 463; *Miller v Miller,* 150 AD2d 652, 653, citing *Majauskas v Majauskas,* 61 NY2d 481, 491-492). The court should have deducted the sum of $6,162.40, representing one-half of the value of the wife's pension fund and Individual Retirement Account, from the amount payable by the husband from the proceeds of the sale of the marital residence. Bracken, J. P., Joy, Hart and Friedmann, JJ., concur.