■ RONALD R. ZURNER, Appellant, v PATRICIA K. ZURNER, Respondent. [633 NYS2d 638] —Peters, J. Appeal from that part of an amended judgment of the Supreme Court (Rose, J.), entered March 25, 1994 in Broome County, which, *inter alia*, fixed the date for commencement of child support.

An appeal involving the parties to this divorce action was previously before this Court (213 AD2d 906). Notably, in 1992, prior to plaintiff being awarded a judgment of divorce against defendant, a custody hearing was held in Family Court after which, in an October 1992 decision, the parties were awarded

joint legal custody of their minor children with plaintiff to have primary physical custody. Thereafter, in June 1993, following the entry of the original judgment of divorce, plaintiff apparently petitioned Family Court for child support. At that time, a question arose as to the appropriate date for support to commence and the matter was referred back to Supreme Court for further direction on that point. While plaintiff argued, *inter alia*, that the date of the service of the summons and complaint or the date of the custody award should be the appropriate commencement date, Supreme Court held that support payments would not commence until June 2, 1993, the date of Supreme Court's original judgment. This appeal by plaintiff followed.

The law is clear that the child support provisions of a judgment entered in a divorce action "shall * * * be effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]; *see, Faber v Faber*, 206 AD2d 644, 646-647; *Purcell v Purcell*, 202 AD2d 487, 488). Notably, when a request for child support is specifically identified as ancillary relief in the summons or complaint, this is considered the date from which the obligation to provide support commences (*see, e.g., Burns v Burns*, 84 NY2d 369, 377; *Spain v Spain*, 130 AD2d 806, 809; *Evangelista v Evangelista*, 111 AD2d 904, 905). Here, however, although defendant requested custody of the children and child support in her answer, plaintiff only requested custody in his summons and complaint.

Plaintiff's statement of proposed disposition, admitted into evidence at the equitable distribution hearing on January 28, 1993, specifically proposed that he receive child support from defendant. Further, the agreement between plaintiff and defendant that support would be calculated pursuant to the Child Support Standards Act was stated in open court at the equitable distribution hearing on January 28, 1993. Accordingly, we conclude that defendant's child support obligation should commence from the date of the first identifiable request for child support (*see, Koczaja v Koczaja*, 195 AD2d 693, *lv denied* 83 NY2d 756), namely January 28, 1993.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the amended judgment is modified, on the facts, without costs, by changing the commencement date of defendant's child support obligation to January 28, 1993, and, as so modified, affirmed.