CATHERINE HARRIS-LOGAN, Appellant, v SEPT B. LOGAN, Respondent. [645 NYS2d 43]

By statute, an award of child support is "effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]), which, prior to July 1, 1992, was the date of the service of the summons with notice containing the request for child support (see, Bonheur v Bonheur, 141 AD2d 489). Domestic Relations Law § 211 was amended to provide that matrimonial actions shall be commenced by the filing of the summons with notice (L 1992, ch 216, § 21). Thus, since the application for child support in the instant action was made at the commencement of the divorce action, upon the filing of the summons with notice pursuant to Domestic Relations Law § 211 on June 8, 1993, the permanent award of child support should be retroactive to June 8, 1993 (see, Zurner v Zurner, 221 AD2d 748; Miller v Miller, 201 AD2d 542, 543; see also, Burns v Burns, 84 NY2d 369, 377).

The record is insufficient for this Court to make an accurate determination of child support arrears. Hence, the matter is

remitted to the Supreme Court to determine the appropriate amount of the support obligation retroactive to the commencement of the divorce action, based upon the appropriate number of calendar weeks involved, the number of minor children who should have received support during the period of arrears, the bi-weekly child support awarded after March 13, 1995, and the appropriate credits to which the defendant is entitled against the retroactive amounts due. Miller, J. P., Copertino, Santucci and Altman, JJ., concur.