■ ROSE A. CAMPISE, Appellant, v JOSEPH F. CAMPISE, Respondent. [671 NYS2d 980] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from (1) stated portions of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered November 4, 1996, which, after a nonjury trial, *inter alia,* awarded custody of the parties' children to the defendant husband and failed to award her maintenance, and (2) so much of an order of the same court, dated May 16, 1997, as, upon her motion, *inter alia,* to decrease the amount of child support awarded to the defendant husband

by the judgment, *sua sponte,* increased child support to the sum of $199.80 per week, retroactive to January 27, 1995.

Ordered that judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof which directed the plaintiff wife to pay child support of $199.80 per week retroactive to January 27, 1995, and substituting therefor a provision denying that branch of the plaintiff wife's motion which was to decrease the award of child support and reinstating the provisions of the judgment which directed the plaintiff wife to pay child support to the defendant husband in the sum of $50 per week effective as of November 4, 1996, the date of the entry of the judgment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The trial court properly determined that in light of the totality of the circumstances, the best interests of the parties' children were served by awarding custody to the defendant father (*see, Eschbach v Eschbach,* 56 NY2d 167). This determination, like any custody determination, turned in large part upon the trial court's assessment of the credibility, character, temperament, and sincerity of the trial witnesses and the parties (*see, Fanelli v Fanelli,* 215 AD2d 718). Where the trial court conducted a full evidentiary hearing on the issue of the children's best interests, the resultant findings are to be accorded great weight and are not to be lightly set aside on appeal (*see, Petek v Petek,* 239 AD2d 327).

However, under the circumstances of this case, the child support award should not have been increased and should have been made effective only as of the date of entry of the judgment which made the award (*see generally, Burns v Burns,* 84 NY2d 369; *see also, Zurner v Zurner,* 221 AD2d 748).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.