■ BURT WELDING & AUTOMOTIVE REPAIR, INC., Formerly Known as BURT CRANE & RIGGING, Appellant, v U.W. MARX, INC., et al., Respondents. (And a Third-Party Action.) [707 NYS2d 548] —Carpinello, J. Appeal from a judgment of the Supreme Court (Maney, J.), entered January 21, 1999 in Albany County, upon a decision of the court in favor of defendants.

This is an appeal from a judgment dismissing plaintiff's complaint following a bench trial. Plaintiff was a subcontractor on a construction project in which it agreed to install structural steel and precast concrete panels for $301,400. The essence of plaintiff's claim is that, because defendant U.W. Marx, Inc. (the general contractor) failed to properly coordinate delivery of the precast concrete panels to the job site, plaintiff's cranes were idle much of the time and, consequently, it was unable to perform the subcontract in a "continuous integrated fashion" allegedly resulting in damages.

In dismissing plaintiff's complaint, Supreme Court found that the subcontract incorporated by reference the terms and conditions of the contract between the owner and U.W. Marx. That contract specifically precluded the assertion of any claim for money damages based upon delay in the progress of the work. In addition to noting plaintiff's failure to present testimony at trial "in a coherent fashion" to support its claim that it expended additional labor and materials as a result of U.W. Marx's failure to efficiently coordinate the project, Supreme Court found no basis to avoid the application of the incorporated no-damage-for-delay clause, the validity of which was most recently reaffirmed in *Corinno Civetta Constr. Corp. v City of New York* (67 NY2d 297). Our review of the record reveals that regardless of plaintiff's efforts to characterize its claim as one for breach of contract, it is quintessentially a claim for delay damages, precisely the type of claim which the no-damage-for-delay clause was intended to bar (*see, id.*, at 313-314).

To avoid the legal consequence of this provision, plaintiff

argues on appeal that three typewritten pages attached to the subcontract *after* it was signed by U.W. Marx required U.W. Marx to sequence the delivery of the precast panels in such a fashion as to permit their efficient erection. Quite aside from the fact that there is no indication in the record that U.W. Marx ever agreed to these "additional terms", they simply do not supercede the unequivocal no-damage-for-delay provision. Indeed, they only serve to establish that delays relating to these conditions were specifically contemplated by the parties at the time they entered into the subcontract (*see, Martin Mech. Corp. v Carlin Constr. Co.*, 132 AD2d 688), a factor reinforcing the applicability of the no-damage-for-delay provision.

Plaintiff's remaining contentions have been rendered academic by our affirmance of Supreme Court's interpretation of the legal obligations created by the contract documents or have been reviewed and rejected as unpersuasive.

Spain, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, with costs.