■ CROW & SUTTON ASSOCIATES, INC., et al., Respondents, v WELLIVER McGUIRE, INC., Appellant. [820 NYS2d 179]—

Lahtinen, J. Appeal from an amended judgment of the Supreme Court (O'Shea, J.), entered July 25, 2005 in Chemung County, upon a decision of the court in favor of plaintiff Crow & Sutton Associates, Inc.

Defendant was the contractor on a project known as the Cornell University North Campus Residential Initiative. In April 2000, plaintiff Crow & Sutton Associates, Inc. (hereinafter plaintiff) subcontracted with defendant to provide certain landscaping on the project for about $241,000. The contract included a provision that permitted defendant to terminate the agreement "for its convenience" and, in October 2000, defendant used that provision to terminate the agreement. The parties were unable to agree upon the amount of compensation due to plaintiff for services rendered prior to defendant terminating the contract. Plaintiff sought $121,000 to $169,000 and defendant placed the amount owed between zero and $37,000. Following a nonjury trial, Supreme Court awarded plaintiff a little less than $75,000, plus interest. Defendant appeals.

We affirm. It is well settled that a written agreement should be enforced according to its clear terms (*see Vermont Teddy Bear Co. v 538 Madison Realty Co.*, 1 NY3d 470, 475 [2004]). When interpreting a contract, it must be read as a whole so as to avoid undo emphasis on particular words or phrases (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]). A provision purporting to limit damages must be clear to be enforceable (*see Rector v Calamus Group, Inc.*, 17 AD3d 960, 961 [2005]; *Davidson Metals Corp. v Marlo*

*Dev. Co.*, 238 AD2d 463, 464-465 [1997]; *South Mall Constructors v State of New York*, 94 AD2d 867, 869 [1983]).

Here, article 23 of the contract permits termination at defendant's convenience and provides that, when so terminated, the subcontractor will be paid for work performed to date as provided in article 4. Defendant focuses upon the first paragraph of article 4 in an effort to limit its damages. Article 4, however, is an 11 paragraph provision touching on a variety of issues, which, when read in its entirety, adequately supports the damages awarded herein. Plaintiff submitted extensive proof, including detailed records supporting its claim. Supreme Court's decision reflects a thorough weighing and considering of that evidence, as well as other trial evidence, and we discern no reason to deviate from the trial court's finding. The remaining issues have been considered and found unpersuasive.

Cardona, P.J., Spain and Rose, JJ., concur. Ordered that the amended judgment is affirmed, with costs.