■ BARBARA L. UNGAR, Respondent-Appellant, v NOAH SAVETT, Appellant-Respondent. [922 NYS2d 601]—

Stein, J. Cross appeals from a judgment of the Supreme Court (Ferradino, J.), entered March 15, 2010 in Saratoga County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.

In 1997, the parties began living together in a home owned by defendant. Thereafter, the parties entered into an antenuptial agreement and were married in 2001. The antenuptial agreement provided, among other things, that if the parties remained married for at least three years, defendant would transfer ownership of the home to plaintiff as a joint tenant with right of survivorship. The parties continued to reside there together after the marriage and had a child (born in 2002). However, plaintiff left the home in April 2005, before any interest therein was transferred to her.

Plaintiff commenced this action for divorce in 2006 and later amended the complaint to include a breach of contract cause of action based upon defendant's failure to transfer an interest in the home to her as required by the antenuptial agreement. In the interim, Supreme Court entered a pendente lite order awarding temporary custody of the parties' child to plaintiff, granting defendant visitation with the child and ordering defendant to pay child support in the amount of $1,400 per month. Thereafter, the parties stipulated to the grounds for divorce and agreed that they would share joint legal custody of the child, with plaintiff having primary physical custody. After a nonjury trial with respect to the disposition of the parties' property and child support, Supreme Court found that the parties owned the home as tenants by the entirety and awarded plaintiff one half of its value as set forth in an appraisal submitted by the parties. In addition, Supreme Court ordered defendant to pay child support in the amount of $2,000 per month. A judgment was

entered dissolving the parties' marriage, awarding custody of the child in accordance with the parties' stipulation, ordering defendant to pay child support and incorporating the decision with respect to the disposition of the home. Both parties now cross-appeal.

Properly executed antenuptial agreements—including provisions for the disposition of separate and marital property, which may opt out of the statute governing the equitable distribution of that property—are generally valid and enforceable and "are construed in accord with the parties' intent, which is generally gleaned from what is expressed in their writing" (*Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008]; *see* Domestic Relations Law § 236 [B] [3], [5] [a]). Pursuant to the antenuptial agreement here, after three years of marriage, defendant agreed to transfer the home "into joint name with [plaintiff], so that the property shall be held as joint tenants with the right of survivorship." The agreement further provided that "[a]ny property . . . held in the joint names of the parties shall be owned in accordance with the kind of joint ownership as title is held, and if there is no *other* designation, shall be held equally by the parties with such survivorship rights (if any) as may be specifically designated by the title ownership" (emphasis added), without application of the Equitable Distribution Law. Although the parties remained married for over three years, defendant failed to transfer an ownership interest in the home to plaintiff.

While we concur with Supreme Court's determination that plaintiff is entitled to an interest in the home, the agreement clearly and unambiguously provides for the parties' ownership thereof as joint tenants with the right of survivorship (*see Van Kipnis v Van Kipnis*, 11 NY3d at 577; *see generally Coloney v Coloney*, 80 AD3d 840, 841-842 [2011]), not as tenants by the entirety. The agreement further provides that jointly owned property is to be held equally by the parties where, as here, there is no designation to the contrary. In our view, this provision, which notably was drafted by defendant, " 'is complete, clear and unambiguous on its face [and] must be enforced according to the plain meaning of its terms' " (*Van Kipnis v Van Kipnis*, 11 NY3d at 577, quoting *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]; *cf. Accurate Realty, LLC v Donadio*, 80 AD3d 1041, 1041 [2011]; *Coloney v Coloney*, 80 AD3d at 841-842). Thus, despite Supreme Court's error in designating plaintiff's interest in the home as a tenant by the entirety, the court properly awarded her one half of the value thereof.

We also agree with plaintiff's contention that the child support award should have been made retroactive to November 30,

2006—the date of plaintiff's specific demand therefor as set forth in her amended complaint (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns*, 84 NY2d 369, 377 [1994]; *Zurner v Zurner*, 221 AD2d 748, 749 [1995]), giving defendant credit for "any amount of temporary child support which has been paid" (Domestic Relations Law § 236 [B] [7] [a]; *see Burns v Burns*, 84 NY2d at 377). Prior to the entry of a final judgment on March 15, 2010, defendant initially paid child support to plaintiff at the rate of $1,000 per month. Then, pursuant to the temporary order entered on July 26, 2007, defendant was required to pay $1,400 per month, effective July 8, 2007. Finally, on December 28, 2009, Supreme Court ordered defendant to pay $2,000 per month. Thus, the total amount of child support arrears owed by defendant is $24,400 (*see* Domestic Relations Law § 236 [B] [7] [a]; *Burns v Burns*, 84 NY2d at 377; *Zurner v Zurner*, 221 AD2d at 749).*

The parties' remaining contentions have been considered and, to the extent they are properly before us, are unavailing.

Peters, J.P., Spain, Kavanagh and McCarthy, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as granted plaintiff an interest in the residence as a tenant by the entirety; plaintiff is granted an interest in the residence as a joint tenant with the right of survivorship and defendant is directed to pay $24,400 in retroactive child support; and, as so modified, affirmed.

---

* The record reflects that defendant paid $1,000 per month in child support for the seven months prior to entry of the temporary order, leaving $7,000 due for that period ($2,000 - $1,000 = $1,000 x 7). Defendant then paid $1,400 per month for 29 months until entry of the final order of $2,000 per month, resulting in a total of $17,400 due for that period ($2,000 - $1,400 = $600 x 29).