Rose, J.
Plaintiff and defendant, who had each gone through a divorce, began to discuss marriage in 2002. As part of that discussion, plaintiff encouraged defendant to prepare a prenuptial agreement in order to overcome his reluctance to remarry and to accommodate each party’s desire to devise certain assets to their children from their previous marriages. Defendant then contacted an attorney to draft an agreement that would allow the parties to opt out of the statutory scheme governing equitable distribution. When defendant presented an early draft of the agreement to plaintiff in 2003, she objected to its failure to provide for her in the event that defendant died while the parties were still married. Defendant had his attorney add language to the agreement stating that it would not preclude plaintiff from making claims on defendant’s separate property in the event of his death. Additionally, language which required the parties to forfeit their rights to each other’s retirement plans by consenting to the beneficiary designation made by the other *962 party was completely eliminated. Apparently satisfied with the changes, plaintiff executed the agreement and, two days later, the parties were married.
In 2010, plaintiff commenced this action for divorce and, thereafter, moved for, among other things, an order setting aside the prenuptial agreement. Following hearings, Supreme Court found that the evidence did not support plaintiff’s contention that the signing of the agreement was the product of duress or coercion. Nevertheless, the court held that the terms of the agreement were unconscionable because — as read by the court— they did not allow plaintiff any interest in defendant’s property in the event that the marriage terminated by his death and, since that was the provision that plaintiff had insisted on, she could not have understood its language. Accordingly, the court granted plaintiffs motion to set aside the agreement, giving rise to this appeal.
We agree with defendant that Supreme Court erred. “[D]uly executed prenuptial agreements are generally valid and enforceable given the ‘strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements’ ” (Van Kipnis v Van Kipnis, 11 NY3d 573, 577 [2008], quoting Bloomfield v Bloomfield, 97 NY2d 188, 193 [2001]). Such an agreement is “ ‘construed in accord with the parties’ intent, which is generally gleaned from what is expressed in their writing’ ” (Ungar v Savett, 84 AD3d 1460, 1461 [2011], quoting Van Kipnis v Van Kipnis, 11 NY3d at 577; see Domestic Relations Law § 236 [B] [3], [5] [a]). So long as the agreement is fair on its face, it will be enforced according to its terms absent proof of fraud, duress, overreaching or unconscionability (see Darrin v Darrin, 40 AD3d 1391, 1392-1393 [2007], lv dismissed 9 NY3d 914 [2007]; Pulver v Pulver, 40 AD3d 1315, 1317 [2007]).
In holding that the prenuptial agreement was unconscionable, Supreme Court erroneously interpreted the agreement’s provisions as failing to provide for plaintiff in the event of defendant’s death during the parties’ marriage. The agreement’s second recital states that the parties desire their separate property, as defined in the agreement, to be free from any claim of the other if the marriage were to terminate “other than by death.” Paragraph 1.1 of the agreement further emphasizes that the parties waive their right to share in each other’s separate property in the event the marriage terminates other than by death. Paragraph 1.2 specifically provides that the parties do not waive any rights to share in each other’s separate property in the event of death. While paragraph 1.3 states that “neither *963 party shall at any time make a claim against the separate property owned by the other” and, when read separately, it may suggest an internal inconsistency in the document, “[a] contract should be interpreted in a way which reconciles all its provisions, if possible” (Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d 963, 965 [2005]; see Brad H. v City of New York, 17 NY3d 180, 185 [2011]; Kass v Kass, 91 NY2d 554, 566-567 [1998]; Crow & Sutton Assoc., Inc. v Welliver McGuire, Inc., 32 AD3d 651, 651 [2006]; Matzen Constr. v Schultz, 257 AD2d 724, 725-726 [1999]). Thus, “[w]here a contract . . . employs contradictory language, specific provisions control over general provisions” (Green Harbour Homeowners’ Assn., Inc. v G.H. Dev. & Constr., Inc., 14 AD3d at 965; see Muzak Corp. v Hotel Taft Corp., 1 NY2d 42, 46 [1956]; Hejna v Reilly, 88 AD3d 1119, 1121 [2011]; Matter of Lewiston-Porter Cent. School Dist. v Sobol, 154 AD2d 777, 779 [1989], lv dismissed 75 NY2d 978 [1990]). Here, paragraph 1.2 carves out a specific exception to the general language of paragraph 1.3 and, taken together, these provisions establish that plaintiff retained a right to her elective share in defendant’s separate property in the event that the marriage terminated by death. Accordingly, we disagree with Supreme Court’s determination that plaintiff s interest in defendant’s separate property was “at best, illusory.”
In view of this, we need not consider the extrinsic evidence of the parties’ intent. Were we to do so, however, we would find that it supports our interpretation. As plaintiffs own testimony established that she was fully aware of the rights she was waiving at the time she signed the agreement and, as an agreement will not be set aside simply because a party relinquished more than the law would have provided (see Cioffi-Petrakis v Petrakis, 72 AD3d 868, 868-869 [2010]; see also Cheruvu v Cheruvu, 59 AD3d 876, 878 [2009]; Lounsbury v Lounsbury, 300 AD2d 812, 814 [2002]), we cannot conclude that the agreement is unconscionable. In view of our determination, defendant’s remaining contention seeking reformation of the agreement is academic.
Mercure, J.E, Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiffs motion to rescind the prenuptial agreement; motion denied; and, as so modified, affirmed.