■ In the Matter of SHANE CHATELLE, Respondent-Appellant, v NORTH COUNTRY COMMUNITY COLLEGE, Appellant-Respondent. [955 NYS2d 266]—

Rose, J. Cross appeals from an order and judgment of the Supreme Court (Meyer, J.), entered October 26, 2011 in Essex County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for, among other things, breach of contract, partially granted petitioner's motion for summary judgment.

When respondent hired petitioner as its Facilities and Special Projects Manager in 2004, respondent's President provided him with a letter setting forth his salary and enclosing a copy of the resolution of its Board of Trustees approving the appointment. Also included was a written statement of the Board's management confidential staff policy purporting to provide, among other benefits, that petitioner would be compensated for up to 180 days of accumulated sick leave upon his severance from employment. In 2011, when petitioner resigned from his position and requested compensation for his accumulated sick leave, respondent refused, claiming that, despite the statement provided to him, its actual policy authorized compensation for accrued sick leave only upon retirement. Petitioner then commenced this combined action and CPLR article 78 proceeding claiming breach of contract, among other things. The parties cross-moved for summary judgment and Supreme Court partially granted petitioner's motion, awarding him $44,114.96 in damages for breach of contract, representing 159 days of sick leave paid at a per diem rate of petitioner's annual salary. The court dismissed petitioner's remaining claims and these cross appeals followed.

Pursuant to the written statement provided to petitioner upon his employment, he was entitled to "the benefits afforded by the existing [m]aster [a]greements except where modified or defined by the following [benefits]." With regard to the sick leave benefit, the statement provided that petitioner was

entitled to 30 sick days per year, cumulative to 180 days and "[a]t [the] time of severance sick leave will be compensated." While respondent, relying on extrinsic evidence, argues that the statement given to petitioner was in error and that the Board had intended to adopt a policy that only compensated for sick leave at retirement, we have no reason to consider this evidence because the statement's language is clear and unambiguous (*see Greenfield v Philles Records*, 98 NY2d 562, 569-570 [2002]; *Matter of Bower v Board of Educ., Cazenovia Cent. School Dist.*, 53 AD3d 967, 969 [2008], *lv dismissed* 11 NY3d 837 [2008]; *Bauersfeld v Board of Educ. of Morrisville-Eaton Cent. School Dist.*, 46 AD3d 1003, 1005 [2007], *lv denied* 10 NY3d 704 [2008]). Accordingly, respondent is bound by the terms of the writing provided to petitioner as part of his employment contract (*see Currier, McCabe & Assoc., Inc. v Maher*, 75 AD3d 889, 891 [2010]; *Frederick v Clark*, 150 AD2d 981, 982 [1989], *lv dismissed* 74 NY2d 892 [1989]), and may not rely on its unilateral mistake to void the agreement (*see Chimart Assoc. v Paul*, 66 NY2d 570, 573-574 [1986]; *Wachovia Sec., LLC v Joseph*, 56 AD3d 269, 270 [2008]; *Loyalty Life Ins. Co. v Fredenberg*, 214 AD2d 297, 299-300 [1995]). Contrary to respondent's argument, neither *County of Broome v Badger* (55 AD3d 1191 [2008]) nor *Matter of Karp v North Country Community Coll.* (258 AD2d 775 [1999]) is controlling here, inasmuch as the text of the statement is clear and petitioner does not rely on past practice or estoppel to enforce his contractual right.

Nevertheless, we agree with respondent that the rate of compensation must be interpreted based on consideration of the terms of the contract as a whole (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *Crow & Sutton Assoc., Inc. v Welliver McGuire, Inc.*, 32 AD3d 651, 651 [2006]), which includes the referenced master agreements (*see e.g. Burt Welding & Automotive Repair v U.W. Marx, Inc.*, 272 AD2d 737, 737 [2000]; *De Simone v Skidmore Coll.*, 159 AD2d 926, 926 [1990]). The section of the relevant master agreement labeled "Payment for Accumulated Sick Leave" limits such payment to $30 per day for a maximum of 180 days upon retirement. While the statement provided to petitioner modified this provision by using the broader term of "severance," thereby expanding the eligibility for payment, it does not modify the applicable rate at which the accumulated sick leave is to be paid. Furthermore, petitioner's claim that he is entitled to sick leave at the per diem rate is unreasonable, as it would result in employees who quit or are terminated being paid for accrued sick leave at a significantly higher rate than those who retire after 10 or more years of service. We therefore modify the judgment

by reducing the award to $4,770, representing petitioner's 159 accrued sick days at $30 per day. We have considered petitioner's arguments on his cross appeal and find them to be unavailing.

Peters, P.J., Malone Jr., Stein and Egan Jr., JJ., concur. Ordered that the order and judgment is modified, on the law, without costs, by reducing the award of damages from $44,114.96 to $4,770 and, as so modified, affirmed.