Rose, J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered September 13, 2012, which partially granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.
The parties entered into a stipulation of settlement in October 2011 awarding sole legal custody of their two children (born in 1998 and 2003) to petitioner (hereinafter the mother) and parenting time on Tuesdays, alternate weekends and holidays to respondent (hereinafter the father). Following the stipulation, the father attempted to visit with the children, but they were resistant to any visitation or contact with him and he soon stopped making attempts. In March 2012, the mother commenced this proceeding seeking modification of the prior custody order to allow her to relocate with the children to South Carolina. Following a hearing, Family Court denied the mother’s request to relocate, reduced the father’s visitation with the children and ordered the mother to obtain mental health services for them. The mother appeals.
The threshold determination in a relocation proceeding is whether the proposed relocation would be in the best interests of the children (see Matter of Shirley v Shirley, 101 AD3d 1391, 1392 [2012]; Matter of Munson v Fanning, 84 AD3d 1483, 1484 [2011]). In making such a determination, the factors to be considered include “each parent’s reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child’s future contact *1037 with the noncustodial parent, the degree to which the custodial parent’s and child’s life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements” (Matter of Tropea v Tropea, 87 NY2d 727, 740-741 [1996]).
While there was evidence here that the move would have an adverse impact on the father’s relationship with the children and his ability to visit them, it is significant that the father has had little contact with the children due to their apparent animosity toward him. Yet, as noted by Family Court, the evidence in the record sheds no light on the reasons underlying the children’s hostility. Nevertheless, despite the mother’s repeated requests and the support of the attorney for the children, Family Court declined to conduct a Lincoln hearing with the then 9- and 13-year-old children to ascertain their points of view and the reasons for their strained relationship with their father. Without the benefit of the information to be obtained from a Lincoln hearing, there is insufficient evidence here concerning the children’s relationship with the father to determine what, if any, modification to the prior order is in their best interests (see Matter of Yeager v Yeager, 110 AD3d 1207, 1209-1210 [2013]; Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]; Matter of Flood v Flood, 63 AD3d 1197, 1199 [2009]; Spain v Spain, 130 AD2d 806, 808 [1987]). Accordingly, we reverse and remit this matter to Family Court for further proceedings.
McCarthy, J.R, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of St. Lawrence County for further proceedings not inconsistent with this Court’s decision.