Matter of Badal v Wilkinson (2023 NY Slip Op 00997)

Matter of Badal v Wilkinson

2023 NY Slip Op 00997

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2021-09049
 (Docket No. V-23965-19)

[*1]In the Matter of Cathyann Badal, appellant,
v
Bryan Wilkinson, respondent.

Christian P. Myrill, Jamaica, NY, for appellant.
Carol L. Kahn, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated November 29, 2021. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was for in-person parental access.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing and determination thereafter of that branch of the mother's petition which was for in-person parental access, in accordance herewith.
The mother and the father have one child together, born in 2013. When the child was one year and three months old, the mother was arrested. She was detained and subsequently deported to Trinidad and Tobago. In 2019, the mother filed a petition seeking telephone, video, and in-person parental access in Trinidad and Tobago. After a hearing, the Family Court granted those branches of the mother's petition which were for phone and video parental access with the child and, in effect, denied that branch of the petition which was for in-person parental access in Trinidad and
Tobago. The mother appeals.
When determining issues of parental access, the most important factor to be considered is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Wright v Stewart, 131 AD3d 1256). The determination of parental access is entrusted to the sound discretion of the Family Court, and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1062). Generally, a noncustodial parent should have reasonable rights of parental access, and the denial of those rights to a natural parent is a drastic remedy which should only be invoked when there is substantial evidence that parental access would be detrimental to the child (see Matter of Lupo v Rainsford, 162 AD3d 1032, 1033).
The Family Court's determination, in effect, denying that branch of the mother's petition which was for in-person parental access lacked a sound and substantial basis in the record. [*2]"The decision to conduct an in camera interview to determine the best interests of the child is within the discretion of the hearing court" (Matter of Arroyo v Agosta, 112 AD3d 920, 921). Here, the court improvidently exercised its discretion in failing to conduct an in camera interview of the child, particularly given the mother's testimony that the child's fear of visiting her in person was due to outside influence (see Matter of Lincoln v Lincoln, 24 NY2d 270; cf. Matter of Wright v Perry, 169 AD3d 910, 912). The child is of such an age and maturity that his preferences are necessary to create a sufficient record to determine his best interests (see Matter of Georgiou-Ely v Ely, 194 AD3d 715, 716; Matter of Norback v Norback, 114 AD3d 1036, 1037; Matter of Stramezzi v Scozzari, 106 AD3d 748, 750).
Accordingly, we reverse the order insofar as appealed from and remit the matter to the Family Court, Kings County, to conduct an evidentiary hearing and an in camera interview with the child, to develop a sufficient record, including the practical effect of the COVID-19 pandemic on the parties, vaccination status of the mother and child, the mother and maternal grandmother's ability and willingness to coordinate travel arrangements, and factual details as to the mother's criminal history, and thereafter for a new determination of that branch of the mother's petition which was for in-person parental access.
In light of the above, we need not reach the mother's remaining contention.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.

2021-09049 DECISION & ORDER ON MOTION
In the Matter of Cathyann Badal, appellant,
v Bryan Wilkinson, respondent.
(Docket No. V-23965-19)

Motion by the respondent to take judicial notice of certain material. By decision and order on motion of this Court dated October 5, 2022, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and no papers having been filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court