Matter of Dionis F. v Daniela Z. (2024 NY Slip Op 03822)

Matter of Dionis F. v Daniela Z.

2024 NY Slip Op 03822

Decided on July 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2023-06537
 (Docket No. V-9002-21)

[*1]In the Matter of Dionis F. (Anonymous), petitioner-respondent, 
v
Daniela Z. (Anonymous), respondent-respondent; Dionel F. (Anonymous), nonparty-appellant.

Robert E. Silverberg, Forest Hills, NY, attorney for the child, the nonparty-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals from an order of the Family Court, Queens County (Jaimee L. Nelsen, Ct. Atty. Ref.), dated June 22, 2023. The order, insofar as appealed from, awarded the father certain parental access with the child.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for an in camera interview with the subject child, to be conducted with all deliberate speed, and for a new determination of the issue of parental access thereafter, in accordance herewith.
The parties have one child in common. In or about September 2021, the mother filed a petition for sole custody of the child. The father thereafter filed a petition for parental access with the child. The parties entered into a stipulation of settlement resolving both petitions on June 22, 2023. The stipulation of settlement provided, inter alia, that the mother would have sole custody of the child and that the father would have "supervised" and "therapeutic" parental access with the child. It further stated that "[w]hen the agency/parents determine that supervised parenting time is no longer necessary, the parties shall mutually agree upon an expansion of the Father's parenting time." When the parties appeared in the Family Court and advised the court that they had reached a resolution, the attorney for the child raised an objection, indicating that the child wished to have no contact with the father. The court so-ordered the stipulation of settlement over the objection of the attorney for the child. The child appeals.
"[T]he Family Court has broad discretion in fashioning a remedy in matters of custody and visitation, with the paramount concern being the best interests of the child" (Matter of Franklin v Quinones, 225 AD3d 759, 760 [internal quotation marks omitted]). "Absent extraordinary circumstances, where visitation would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable visitation privileges" (id. [internal quotation marks omitted]). Although an appeal may be taken by the attorney for the child, "the child does not have full-party status and cannot veto a settlement reached by the parents and force a trial after the attorney for the child had a full [and] fair opportunity to be heard" (Matter of Kylie P. [Carlos P.—Karen G.], 213 AD3d 463, 463; see Matter of Newton v McFarlane, 174 AD3d 67, 73-74; Matter of McDermott v Bale, 94 AD3d 1543, 1543-1544). However, "[t]he decision to conduct an in camera interview to determine the best interests of the child is within the discretion of the hearing court" (Matter of Arroyo v Agosta, 112 AD3d 920, 921).
Under the circumstances of this case, the Family Court improvidently exercised its [*2]discretion in failing to conduct an in camera interview of the child, particularly given the child's position, as stated by the attorney for the child, regarding his fear and hatred of the father, his expressed concerns about the father's lifestyle, and his strong wishes not to have parental access with the father (see Matter of Badal v Wilkinson, 213 AD3d 926, 927; cf. Matter of Wright v Perry, 169 AD3d 910, 912; see generally Matter of Lincoln v Lincoln, 24 NY2d 270). The record reflects that the child is of such an age and maturity that his preferences are necessary to create a sufficient record to determine what parental access would be in his best interests (see Mattter of Georgiou-Ely v Ely, 194 AD3d 715, 716; Matter of Norback v Norback, 114 AD3d 1036, 1037). While the attorney for the child recounted the child's objections on the record, in the absence of an in camera interview, the court did not have sufficient information to assess what parental access arrangement would be in the child's best interests (see Matter of Stramezzi v Scozzari, 106 AD3d 748, 750).
In addition, it is unclear from the order what specific type of parental access, therapeutic or supervised, was agreed to here. Further, under the circumstances of this case, where the child is adamantly opposed to parental access, that portion of the order that permits the expansion of parental access from "supervised parenting time" upon the parties' consent, alone, was not proper. "Although the express wishes of [a child] are not controlling, they are entitled to great weight, particularly where their age and maturity would make their input particularly meaningful" (Matter of Guerra v Oakes, 160 AD3d 855, 856 [internal quotation marks omitted]; see Koppenhoefer v Koppenhoefer, 159 AD2d 113, 117). The child's rights do not evaporate upon the conclusion of the case in the hearing court (see Matter of Newton v McFarlane, 174 AD3d at 72).
Accordingly, we reverse the order insofar as appealed from and remit the matter to the Family Court, Queens County, for an in camera interview with the child, to be conducted with all deliberate speed, to develop a sufficient record concerning parental access, including the basis for the child's fears of having contact with the father, and for a new determination of the issue of parental access thereafter.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court