Matter of Badal v Wilkinson (2025 NY Slip Op 00088)

Matter of Badal v Wilkinson

2025 NY Slip Op 00088

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2024-01028
 (Docket No. V-23965-19)

[*1]In the Matter of Cathyann Badal, appellant,
v
Bryan Wilkinson, respondent.

Christian P. Myrill, Jamaica, NY, for appellant.
Carol Kahn, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Lisa Aschkenasy, Ct. Atty. Ref.), dated January 12, 2024. The order, after a hearing, denied that branch of the mother's petition which was for in-person parental access with the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
In 2019, the mother filed a petition, inter alia, seeking in-person parental access with the parties' child in Trinidad and Tobago. In a prior appeal, this Court reversed so much of an order dated November 29, 2021, as denied that branch of the mother's petition which was for in-person parental access with the child and remitted the matter for further proceedings on that branch of the petition (see Matter of Badal v Wilkinson, 213 AD3d 926). Following an in camera interview of the child and a reopened hearing, in an order dated January 12, 2024, the Family Court denied that branch of the mother's petition which was for in-person parental access with the child. The mother appeals.
When determining issues of parental access, the most important factor to be considered is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Wright v Stewart, 131 AD3d 1256, 1256). The determination of parental access is entrusted to the sound discretion of the Family Court and such determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Badal v Wilkinson, 213 AD3d at 926; Matter of Fekete-Markovits v Markovits, 140 AD3d 1061, 1062). Moreover, the denial of in-person parental access should only be invoked when it has been demonstrated that such parental access would be detrimental to the child (see Matter of Lupo v Rainsford, 162 AD3d 1032, 1033). Here, the court's determination to deny the mother in-person parental access with the child has a sound and substantial basis in the record.
The mother's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., WOOTEN, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court