■ ALICE DE MUND, Respondent, v ERLE MARTIN, III, Appellant. — In an action, *inter alia,* to recover accrued arrears under a predivorce agreement and to recover college education expenses incurred on behalf of the parties' eldest son, the defendant husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Kutner, J.), dated July 8, 1983, as (1) awarded the plaintiff wife the sum of $14,902.39 on her cause of action to recover college education expenses, and (2) awarded the plaintiff wife the sum of $3,500 on her cause of action to recover attorney's fees. ¶ Judgment affirmed insofar as appealed from, with costs. ¶ The parties were married in the State of Connecticut in 1960. In 1967, plaintiff commenced an action for divorce in the Superior Court of that State. In April, 1969, while the divorce action was pending, the parties executed and acknowledged a "stipulation and agreement" which contained the following pertinent provisions: ¶ "1. It is specifically understood and agreed that the terms and provisions of this agreement shall be final, binding and conclusive upon the parties hereto only if, as and when a final decree of divorce shall have been entered in favor of either the Wife or Husband by a court of competent jurisdiction and this agreement shall have been offered to and approved by such court as a fair and reasonable agreement and made a part of the decree or file in said action if so ordered by the Court * * * ¶ "7. In addition to the amounts set forth above in paragraph 6 for the support, education and maintenance of said children, the Husband, his Executors and Administrators, will pay to or for the benefit of each child from time to time such amounts as may be reasonably necessary to provide each of said children with a four-year college education, including tuition, textbooks and other equipment, room, board, and travel expenses. Each child shall have an unrestricted choice of school or college". ¶ On April 22, 1969, within a week after the execution of the agreement, the parties were divorced in the Superior Court. The judgment of divorce included a finding by the court that the prior stipulation on file was fair, and the judgment contained the following decretal paragraph: "WHEREUPON, it is adjudged that the said Alice Martin be and she hereby is divorced from said Erle Martin, III, and she is hereby declared to be single and unmarried and the care, custody and education of said minor children are hereby committed to the plaintiff subject to the rights of defendant and that the stipulation — — — as hereinbefore set forth be and is hereby approved by the Court and the parties hereto are hereby ordered to comply with all the terms or provisions of said stipulation as part of this judgment". ¶ The defendant husband subsequently took up residence in New York. In September, 1981, the parties' eldest son entered college, and the plaintiff wife thereupon commenced the instant action in the Supreme Court, Suffolk County, *inter alia,* to enforce that provision of the stipulation and agreement requiring the defendant husband to pay for the children's college education. Plaintiff then moved for summary judgment, and defendant cross-moved for an order dismissing the complaint for failure to state a cause of action. By order dated November 24, 1982, Special Term (Kelly, J.), ordered a hearing on the motion and cross motion. The hearing was conducted on February 17, 1983, at the conclusion of which Special Term (Kutner, J.), by decision dated May 25, 1983, applied Connecticut law and determined that the stipulation and agreement survived the judgment of divorce and was therefore enforceable as a separate contract. Accordingly, the court found, *inter alia,* that plaintiff was entitled to judgment in the sum of $14,902.39 for college education expenses incurred on behalf of the parties' eldest son, as well as in the sum of $3,500 for counsel fees in this action. ¶ At the outset, we agree with Special Term that the question of the survival and enforceability of the agreement is to be determined according to the law of the State of Connecticut. Indeed, both parties concede that Connecticut law applies. The parties were

married in Connecticut and resided there at the time they entered into the agreement and at the time of the divorce, which was granted by a Connecticut court. Also, plaintiff has continued to reside in that State with the parties' two sons. Thus, Connecticut is clearly the State having the most significant contacts with the matter in dispute (*Auten v Auten,* 308 NY 155). ¶ Further, we agree with Special Term's determination that, under Connecticut law, the agreement herein was incorporated by reference in the subsequent judgment of divorce but did not merge therein. Connecticut provides by statute that where the parties submit a written agreement to the court concerning alimony, disposition of property or the custody, care, education, visitation, maintenance or support of their children, and where the court finds such agreement to be fair and equitable, the agreement shall be incorporated by reference in the final divorce decree (Conn Gen Stat, § 46b-66, formerly § 46-26c). Nothing in the statute indicates that an agreement incorporated by reference in a judgment of divorce should not be deemed to survive the judgment as a separately enforceable contract. In fact, the Connecticut courts have held that a contract action to enforce the provisions of such an agreement can be maintained even where the agreement has been incorporated by reference in the divorce decree (*Kennedy v Kennedy,* 177 Conn 47; *McDonnell v McDonnell,* 166 Conn 146; *Lasprogato v Lasprogato,* 127 Conn 510; *French v French,* 36 Conn Sup 266). In this case, the language of the agreement itself evinced a clear intent on the part of both parties that it would survive a subsequent divorce decree as a separately enforceable contract. The agreement, made within a week prior to the granting of the divorce, provided that its terms would become effective only if and when a final divorce decree had been entered. Thus, if the parties had intended the agreement to merge, the agreement would, by its terms, become ineffective at the very moment it became effective. We simply cannot conclude that such a patently absurd result could have been contemplated by the parties. We conclude, rather, that the parties intended that the agreement would survive the divorce, and that, under Connecticut law, the instant action, which is predicated on the contractual obligation between the parties and not on the judgment of divorce, properly could be maintained. ¶ Defendant husband next contends that Special Term erred by awarding the plaintiff wife the sum of $14,902.39 on her first cause of action, to recover college education expenses incurred on behalf of the parties' eldest son, because the *ad damnum* clause in the complaint demanded judgment on this cause of action for only $10,000. However, the record establishes that when the complaint was served in September, 1981 the parties' son had just commenced his first year at college. The complaint alleged that expenses for the first year would total $10,000, the amount demanded in the *ad damnum* clause. As of the date of the hearing, February 17, 1983, the son was well into his second year of studies. Accordingly, plaintiff adduced proof at the hearing of the amount expended by her for both years of her son's college education, and defendant made no objection to the receipt of evidence regarding the second year expenses. On that basis, Special Term made the following determination: "Defendant does not dispute plaintiff's expenditure of fourteen thousand nine hundred two and 39/100 ($14,902.39) dollars for the first two years of the elder son's college education. Accordingly, the Court finds that plaintiff is entitled to judgment in the sum of fourteen thousand nine hundred two and 39/100 ($14,902.39) dollars on the first cause of action". ¶ Under the circumstances presented herein, we conclude that defendant is precluded from raising the claim for the first time on appeal that plaintiff's recovery exceeded her demand for relief. Because defendant failed to object at Special Term to either the admission of the evidence in question or to the amount awarded, any error of law was not preserved for our review (CPLR 5501, subd [a], par 3; see, e.g., *Gunnarson v State of New York,* 95 AD2d 797).

We note that had defendant timely objected to proof of damages in excess of the *ad damnum* clause, plaintiff could then have moved to amend her pleading to conform to the proof. A motion to increase the amount of relief requested in the *ad damnum* clause, whether made before or after the verdict, should generally be granted in the absence of prejudice to the defendant (CPLR 3017, subd [a]; 3025, subd [c]; *Loomis v Civetta Corinno Constr. Corp.*, 54 NY2d 18). In this case, the defendant husband would not have been prejudiced by such amendment, because he was well aware that his former wife was continuing to pay for their son's college education through the second year. There is no indication that amendment of the *ad damnum* clause would have hindered defendant in the preparation of his case or prevented him from taking some measure in support of his position (*Loomis v Civetta Corinno Constr. Corp., supra,* p 23). We note further that where there is a variance between a pleading and proof admitted with the acquiescence of a party, even an appellate court may take it upon itself to amend the pleadings to conform to the proof (see *Murray v City of New York,* 43 NY2d 400, 405-406, and cases cited therein). ¶ Finally, the defendant husband's challenge to the award of counsel fees is without merit (*Fabrikant v Fabrikant,* 19 NY2d 154). Titone, J. P., Bracken, Brown and Rubin, JJ., concur.