OPINION OF THE COURT
Daniel F. Luciano, J.
Motion by the plaintiff, Sam Fulciniti, for leave to amend the complaint to increase the ad damnum clause from $1,000,-000 to $2,500,000 and for discovery and inspection of copies of the records of the defendants’, European American Bank and Royal Prudential Industries, Inc., examining physicians whose reports have been delivered to the attorneys for the plaintiff herein prior hereto are decided as follows:
The plaintiff, Sam Fulciniti, may serve the amended complaint with the increased ad damnum clause within 30 days after the date of this order. Within 60 days after such service, and upon at least 10 days’ written notice, the defendants, European American Bank and Royal Prudential Industries, Inc., shall be entitled to further physical examinations of the plaintiff relative to the claims of permanency of the injuries sustained.
The motion for discovery and inspection of the records of the defendants’, European American Bank and Royal Prudential Industries, Inc., physicians is denied.
In this action to recover damages for personal injuries, the plaintiff, Sam Fulciniti, has moved for leave to increase the ad damnum clause and for discovery and inspection of "copies of records of the defendant’s examining physicians whose reports have been delivered to the attorneys for the plaintiff herein prior hereto”.
First, with respect to the request to amend the complaint to increase the ad damnum clause from $1,000,000 to $2,500,000 the motion is granted and the defendants, European American Bank and Royal Prudential Industries, Inc., shall have leave to conduct such further physical examination of the plaintiff, Sam Fulciniti, as they may be advised relative to the question of the permanency of the injuries now asserted.
A motion to increase the amount of relief requested in the ad damnum clause of a complaint should generally be granted in the absence of prejudice to the defendants. (E.g., De Mund v Martin, 103 AD2d 837.) In this case only conclusionary assertions of prejudice have been made. Further, the request here is supported by adequate medical proof. (See, Brennan v City *768 of New York, 99 AD2d 445.) Additionally, leave to increase the ad damnum clause may be permitted based solely upon an updated evaluation or reevaluation of the original injuries (Kushner v Queens Tr. Corp., 97 AD2d 432) as it is in this case. The defendants, European American Bank and Royal Prudential Industries, Inc., however, shall be entitled to further physical examinations of the plaintiff, Sam Fulciniti, relative to the claims of permanency. (Rutkowski v Geist, 96 AD2d 900.)
The second matter in issue is the request of the plaintiff, Sam Fulciniti, that the defendants, European American Bank and Royal Prudential Industries, Inc., be required to produce for discovery and inspection copies of records of the physicians who examined the plaintiff on behalf of the defendants, European American Bank and Royal Prudential Industries, Inc. This is not a request for copies of the reports of such physicians as those reports have been provided. (See, Uniform Rules for NY St Trial Cts [22 NYCRR] § 202.17; CPLR 3121 [b].) What are sought are the underlying records upon which the reports were based.
Uniform Rules (22 NYCRR) § 202.17 makes no provision for discovery of such underlying records although the mandate to provide the medical report itself is absolutely clear. The plaintiff, Sam Fulciniti, asserts that since there is authority which requires a plaintiff to provide medical records to a defendant (e.g., Zimmerman v Nassau Hosp., 76 AD2d 921) a plaintiff should have the same right to discovery of the records prepared by physicians who conduct their examinations at the behest of a defendant.
The court cannot agree.
In Zimmerman v Nassau Hosp. (supra) the Appellate Division, Second Department, explained why the records of the plaintiffs physician had to be disclosed. The first reason was rejection of the contention that such records constituted the attorney’s work product. In addition, the court stated: "Nor may the records sought by defendants be considered 'material prepared for litigation’ within the purview of CPLR 3101 (subd [d]). On the facts before us, we conclude that the Zimmermans’ primary motivation in bringing the infant plaintiff to Dr. Kara was not for consultation with respect to litigation, but rather was for a thorough examination, diagnosis and treatment. Although the prospect of litigation may have been cogent at the time, such multimotivated reports do not war *769 rant immunity if litigation is but one of the motives.” (76 AD2d, at p 922.)
In contrast, when defendants in a personal injury action retain a physician to examine a plaintiff that examination is motivated solely by litigation. To conclude otherwise would be to ignore simple reality. Thus, the conclusion plainly to be inferred by the discussion in Zimmerman v Nassau Hosp. (supra) is that the records of physicians who have examined the plaintiff in a personal injury action are exempt from disclosure as material prepared solely for litigation. (See, CPLR 3101 [d] [2].) Certainly by utilizing the reports of all physicians and the records of his own physicians, the plaintiff, Sam Fulciniti, is able to prepare his case and can obtain the substantial equivalent of the materials sought. Thus, the records sought do not fall within the contemplation of the exceptions set forth in CPLR 3101 (d) (2).