(January 25, 1993)

1 ROSE ANNIS, Appellant, v WINSLOW W. ANNIS, Respondent.—In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from stated portions of an amended judgment of the Supreme Court, Westchester County (DiFede, J.H.O.), dated February 26, 1990, which, *inter alia,* valued the marital property as of October 2, 1981, the date of the commencement of the action, made distributive awards of the husband's life insurance policies based upon their cash surrender values, and directed that the plaintiff receive one-third of the husband's two pension plans in conformity with the formula set forth in *Majauskas v Majauskas* (94 AD2d 494, 497-498, *affd* 61 NY2d 481).

Ordered that the amended judgment is affirmed insofar as appealed from, without costs or disbursements.

By decision and order dated February 27, 1989, this Court modified the initial judgment of divorce dated March 5, 1987, by deleting the distributive award of $46,733.50 made to the wife as representing her one-half share of the stock portfolio held by the husband based on its highest value on October 28, 1983, and deleting the award to the wife of a one-third share of the husband's pension benefits commencing when the benefits were payable. This Court remitted the matter to the Supreme Court for a hearing to determine which of the parties' assets constitute marital property and for a redistribution of those assets in accordance with the provisions of Domestic Relations Law § 236 (B) (1) (c) and (5) (g) *(see, Annis v Annis,* 147 AD2d 668).

The Supreme Court has now, upon remittitur, set as the

valuation date the date of the commencement of the action in accordance with the guidelines promulgated in *Wegman v Wegman* (123 AD2d 220, *amended on other grounds* 123 AD2d 238; *see also, Marcus v Marcus,* 137 AD2d 131; *Siegel v Siegel,* 132 AD2d 247). Having articulated its reasons therefore, we reject the wife's claim that the court should have adhered to its original valuation date in 1983 which was two years after the commencement of the action and three years prior to trial and for which no cogent reason was set forth other than that it was the highest value of the stock portfolio. We further find no merit to the wife's claims that the husband secreted or misappropriated funds.

The court properly made a valuation and distribution of the two insurance policies with a cash surrender value which had been held by the husband. As the third insurance policy was a term policy with no cash surrender value, the court properly declined to make a distribution of this policy. Further, the court properly made a distributive award of the husband's two pension plans in accordance with the formula set forth in *Majauskas v Majauskas (supra).* Sullivan, J. P., Miller, Ritter and Pizzuto, JJ., concur.