■ RICHARD J. DOUGHERTY, Respondent, v KATHLEEN H. DOUGHERTY, Appellant. [680 NYS2d 759] —Carpinello, J. Appeal from a judgment of the Supreme Court (Hughes, J.) granting plaintiff a divorce and, *inter alia*, ordering equitable distribution of the parties' marital property, entered September 17, 1997 in Schoharie County, upon a decision of the court.

The parties, married for over 22 years when this action for divorce was commenced in October 1995, have three daughters. The eldest is emancipated, and each party has custody of one of the two dependent daughters. The middle daughter, now 20 years old, resides with plaintiff when not attending college and the youngest daughter, now 17 years old, resides with defendant. Following a nonjury trial, Supreme Court granted

---

plaintiff a divorce on the ground of adultery and distributed the parties' marital assets. Defendant appeals.

Supreme Court found, and we agree, that the evidence at trial proved an adulterous relationship between defendant and another woman; thus, a judgment of divorce was properly granted on this ground (*see*, Domestic Relations Law § 170 [4]). Although the complaint sought a divorce on cruel and inhuman treatment grounds only, we note that where there is a variance between a pleading and proof admitted at trial, this Court may take it upon itself to amend the pleadings to conform to the proof so long as no prejudice has been demonstrated (*see*, *Murray v City of New York*, 43 NY2d 400, 405; *DeMund v Martin*, 103 AD2d 837, 839; *see also*, CPLR 3025 [c]). Finding no prejudice to defendant, we exercise our authority to do so at this time.

We next address those arguments which concern the disposition of property. Defendant claims that Supreme Court erred in awarding her only 40% of the value of the martial residence. In light of the evidence that the parties were able to own a home valued at $175,000 only because of plaintiff's skill and manual labor in personally constructing it and that defendant minimally contributed to its value, we find no abuse of discretion in the court's distribution of this marital asset (*see generally*, *Quattrone v Quattrone*, 210 AD2d 306; *Clerk v Clerk*, 132 AD2d 456, 459, *lv denied* 70 NY2d 611). With respect to the court's distribution of defendant's pension, again we find no error. The evidence indicates that defendant joined the State Retirement System in September 1986. Thus, the pension benefits earned from this time until the October 1995 commencement of the action were properly determined to be marital property (*see*, Domestic Relations Law § 236 [B] [1] [c]; *see also*, *Majauskas v Majauskas*, 61 NY2d 481, 485-486). In the absence of plaintiff seeking a lump-sum distribution, Supreme Court did not abuse its discretion in awarding him a 50% share of the periodic pension benefits defendant will receive in the future in accordance with the formula outlined in *Majauskas v Majauskas* (94 AD2d 494, 497-498, *affd* 61 NY2d 481, *supra*; *see*, *Church v Church*, 169 AD2d 851, 852).

At trial defendant established that plaintiff owned two life insurance policies with cash values of $1,599.98 and $2,729.51, respectively. As plaintiff offered no evidence that these policies constituted separate property (*see*, Domestic Relations Law § 236 [B] [1] [d] [1] ), defendant is entitled to a 50% distributive award of these assets, totaling $2,164.75 (*see*, *Vail-Beserini v Beserini*, 237 AD2d 658, 660; *Annis v Annis*, 189 AD2d 846;

*Miller v Miller,* 150 AD2d 652; *cf., Turner v Turner,* 145 AD2d 752), and Supreme Court erred in failing to make such award. Moreover, given the current custodial arrangement between the parties and the lack of any child support obligation on plaintiff's part, in addition to sharing equally in the unreimbursed medical expenses of their two dependent children, the parties should also share equally in the annual health insurance premiums for the children until the youngest daughter has attained the age of 21 (*cf., Juneau v Juneau,* 206 AD2d 647, 649; *Costanza v Costanza,* 199 AD2d 988, 991; *Chasin v Chasin,* 182 AD2d 862, 863 [each case holding that it was improper to require a parent to pay health insurance premiums in addition to child support]). This obligation should be paid by plaintiff each January, upon proper proof by defendant of the actual amount incurred in the prior calendar year. As to those premiums paid since the commencement of this action, defendant is entitled to be paid by plaintiff within 60 days of the entry of this Court's order.

Finally, while Supreme Court's decision with respect to the division of the parties' artwork collection is unworkable, we modify it only by ordering the parties to reach a mutual agreement as to the division of the artwork within 60 days of the entry of this Court's order. In the event they are unable to do so, all artwork shall be sold as soon as practicable thereafter and the proceeds divided equally. We find no basis to disturb Supreme Court's distribution of the remaining assets.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by awarding defendant 50% of the cash value of plaintiff's life insurance policies, ordering plaintiff to pay 50% of annual health insurance premiums consistent with this Court's decision, and reversing so much thereof as provided for the division of the parties' artwork; said artwork is to be divided consistent with this Court's decision; and, as so modified, affirmed.