■ KATHLEEN E. WILSON, Appellant, v ROGER W. WILSON, Respondent. [765 NYS2d 678] —Spain, J. Appeal from a judgment of the Supreme Court (Proskin, J.H.O.), entered April 4, 2002 in Greene County which, inter alia, determined separate property of the parties, upon a decision of the court.

The parties were married in July 1984 and plaintiff commenced this action for divorce in March 1999. In January 2001, by an oral stipulation and written opting out agreement, the parties settled all issues except separate property issues related to the marital residence. Thereafter, at a bench trial at which each party testified and submitted documentary evidence, Supreme Court credited defendant's testimony and relied on his documentary evidence to determine that defendant's separate property contribution to the marital residence was $42,729.43 and that plaintiff made no separate property contribution to the marital residence. Plaintiff appeals.

During the January 2001 settlement conference at which all aspects of the matrimonial action were resolved, Supreme Court placed on the record what appears to be the final resolution of separate property issues related to the parties' marital residence: "As far as the marital residence is concerned, there's going to be a closing statement which indicates the *down payment* put in by both of the parties. Before there's a marital split, before there's a split as marital assets, that is going to be credited back to the person, *whatever they put in*, and then the rest of it is actually going to be a 50-50 split as marital assets" (emphases added). Defendant's attorney then confirmed the

court's summary of the agreement as follows: "Counsel will exchange within one week the figures concerning the relative contribution of the parties *towards the down payment* of the marital residence and hopefully be able to provide to the Court a simple statement of what those figures are for purposes of calculation" (emphasis added). Notably, the record does not reflect that the court or either of the parties ever specifically mentioned credits for renovations or closing costs.

Thereafter, a disagreement apparently arose with respect to this narrow marital residence/separate property issue, and a bench trial was held. At the hearing, defendant argued that the above quoted stipulation encompasses not only separate property contributions to the down payment, but also a credit to each party for his or her separate contributions to the closing costs and renovations made subsequent to the closing. It is plaintiff's position that the stipulation limited the scope of Supreme Court's inquiry to each party's comparative contribution of separate property to the down payment only and that all other contributions towards the marital residence would be split evenly.

Upon review, we find that the stipulation in contention is unambiguous and should be summarily enforced (*see Baumis v General Motors Corp.,* 102 AD2d 961, 962 [1984]). Because we find that it was clearly limited to a credit for down payments only, we conclude that Supreme Court erred by crediting defendant with contributions he made towards closing costs and renovations in calculating the parties' separate property contributions to the marital residence.

Although agreeing with plaintiff's interpretation of the stipulation, we reject her assertion that Supreme Court erred in not crediting her with part of the down payment, finding that she did not sustain her burden of proving such separate property (*see Seidman v Seidman,* 226 AD2d 1011, 1012 [1996]), a phrase which "is to be narrowly construed" (*Walasek v Walasek,* 243 AD2d 851, 854 [1997]; *see Price v Price,* 69 NY2d 8, 15 [1986]). Here, the record reflects that of the $30,007.80 down payment paid on the marital residence, $10,000 was a deposit which came from the proceeds of a loan in defendant's name. Plaintiff conceded that the remaining $20,007.80 paid at the closing came from defendant's premarital funds. While plaintiff disputes that defendant repaid the $10,000 loan, the loan agreement named him as the sole person liable for the loan and he testified that he paid it off with the proceeds of the coinciding sale of his residence, which the documentary evidence established would have been more than sufficient.

Plaintiff never testified that she paid the loan off and there was no dispute that it was in fact paid off. Plaintiff's testimony that she contributed $15,000 to the down payment of the marital home from the sale of her premarital home was not supported by documentation, and her testimony that the $15,000 she contributed was part of the $20,007.80 the parties paid at the closing is directly contrary to her concession in her brief that defendant paid that full amount.

Upon our review of the record, we discern no basis upon which to disturb Supreme Court's credibility determinations favoring defendant and find that the record amply supports the court's finding that defendant, and not plaintiff, proved that he contributed the money for the down payment, which represented separate property.

Mercure, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by subtracting from the judgment $12,721.63 credited to defendant for his contributions to renovations and closing costs; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.