Headwell v Headwell (2021 NY Slip Op 05752)





Headwell v Headwell


2021 NY Slip Op 05752


Decided on October 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:October 21, 2021

531405
[*1]Teresa L. Headwell, Respondent,
v
Roy J. Headwell, Appellant.

Calendar Date:September 15, 2021

Before:Garry, P.J., Egan Jr., Lynch, Aarons and Reynolds Fitzgerald, JJ.

Arquette Law Firm, PLLC, Clifton Park (Tammy J. Arquette of counsel), for appellant.
Law Office of Eileen Stiglmeier, Troy (Eileen M. Stiglmeier of counsel), for respondent.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Michelini, J.), entered March 24, 2020 in Washington County, granting, among other things, plaintiff a divorce, upon a decision of the court.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) were married in 1994 and have three children (born in 1995, 2000 and 2002). The wife commenced this divorce action in 2018, after which the husband vacated the marital residence and the unemancipated children remained in the wife's care. She then moved for a variety of temporary relief that culminated in a February 2019 order in which Supreme Court directed the husband to temporarily pay, as is relevant here, $2,737 a month in spousal maintenance, $2,605 a month in child support, and the carrying costs for the marital residence. Upon the husband's motion for renewal, reargument or modification, Supreme Court issued a June 2019 order that altered those terms to the extent of directing that the husband pay half of the carrying costs for the marital residence.
At the outset of the nonjury trial that commenced while the husband's motion was pending, the parties placed a stipulation on the record that resolved the issues of grounds, child custody and equitable distribution. Following an unsuccessful last-minute effort by the husband to present expert proof on the tax consequences that the spousal maintenance obligation would have upon him, the trial proceeded on the unresolved issues. Supreme Court thereafter issued a judgment of divorce which, among other things, incorporated the parties' stipulation and the terms of the decision awarding the wife maintenance for a period of nine years and child support. Supreme Court further directed the husband to maintain health insurance for the children until they reached the age of 21 or, if in college, until graduation. The husband appeals.[FN1]
The husband initially challenges Supreme Court's temporary orders in various respects, but "[a]n order awarding pendente lite relief is only designed to provide temporary relief pending disposition of the matter in a final judgment," and the ones at issue here were superseded when Supreme Court issued the appealed-from judgment (Flynn v Flynn, 128 AD2d 583, 584 [1987]; accord Batson v Batson, 277 AD2d 750, 751 [2000]; see Vickie F. v Joseph G., 195 AD3d 1064, 1065 [2021]; Kelly v Kelly, 19 AD3d 1104, 1105-1106 [2005], lv dismissed and denied 6 NY3d 803 [2006]). Accordingly, as the parties proceeded to a trial that was intended to and did result in a final judgment, the husband's contentions regarding the propriety of those orders are moot (see Kelly v Kelly, 19 AD3d at 1105-1106; Prasinos v Prasinos, 283 AD2d 913, 914 [2001]; Batson v Batson, 277 AD2d at 751; compare Calderon v Esenova, 132 AD3d 711, 712 [2015]).
The husband's related arguments as to how Supreme Court should have factored the temporary awards into the distributive award are unavailing. First, notwithstanding his suggestion to the contrary[*2], the parties' stipulation addressed the recoupment of carrying costs paid on the marital residence during the pendency of this action, and he is not entitled to an additional credit for those payments (see e.g. Wilson v Wilson, 309 AD2d 1022, 1023 [2003]).[FN2] As for his contention that Supreme Court should have adjusted the distributive award to reflect the purportedly excessive temporary maintenance award, such an adjustment is not mandatory, and it is evident from Supreme Court's roughly equivalent award of durational maintenance that it considered the temporary award to be appropriate (see Johnson v Chapin, 12 NY3d 461, 465-466 [2009]; Johnson v Johnson, 172 AD3d 1654, 1657 [2019]; Giannuzzi v Kearney, 127 AD3d 1350, 1351 [2015]; Fox v Fox, 306 AD2d 584, 584 [2003], appeal dismissed 1 NY3d 622 [2004]). The husband's remaining arguments with regard to the temporary awards are similarly unpersuasive and, suffice it to say, we perceive no abuse of discretion in Supreme Court's refusal to adjust the distributive award to account for them (see Walker v Walker, 130 AD3d 805, 806 [2015]; Vantine v Vantine, 125 AD3d 1259, 1263 [2015]; compare Johnson v Johnson, 172 AD3d at 1657-1658). Indeed, "Supreme Court set forth adequate reasons for its distribution of the property and we are unpersuaded that it abused its discretion" on that score in any respect (Vantine v Vantine, 125 AD3d at 1261).
Turning next to the award of durational maintenance, Supreme Court declined to credit the far from compelling account of the husband as to how his income as a commercial airline pilot would precipitously decline from his historic earnings, instead finding that, between those earnings and rental income from a second home that was to be his separate property, he would earn at least $300,000 a year moving forward. Supreme Court further imputed annual income to the wife of $58,800 to reflect the amount that she would be able to earn if she began working full time at her longstanding part-time job, a reasonable expectation given that her role as the primary caregiver for the parties' children was easing as their youngest child neared adulthood (see Matter of Curley v Klausen, 110 AD3d 1156, 1159 [2013]). Supreme Court's credibility assessments are entitled to deference and, having set forth a basis for imputation that is supported by the record and then articulating how the statutory factors justified an amount of maintenance that was an upward adjustment from the guideline obligation for a period within the guideline range, we perceive no abuse of discretion in its direction that the husband pay maintenance to the wife in the amount of $2,800 a month for a period of nine years (see Domestic Relations Law § 236 [B] [6] [e], [f]; St. Denny v St. Denny, 185 AD3d 1246, 1248 [2020]; Mack v Mack, 169 AD3d 1214, 1217 [2019]).[FN3]
Next, we reject the husband's contention that Supreme Court abused its discretion in precluding the report and testimony of his expert on the implications [*3]that recent enactments would have on the tax treatment of that maintenance award. The husband failed to file the expert's written report in a timely fashion, however, instead waiting until a few days before trial (see 22 NYCRR 202.16 [g] [2]). The wife articulated how she was prejudiced by that belated disclosure, as she was deprived of the opportunity to retain her own expert to review the report and request that the husband, who was in a far superior financial position, pay for that review (see Domestic Relations Law § 237 [a]). Supreme Court accordingly granted the wife's application to preclude the report and potential testimony as untimely, further indicating that it saw no need for expert proof on a legal issue that it was capable of understanding without assistance.[FN4] Supreme Court, moreover, left open the possibility that it would revisit the issue should any unexpectedly complex tax issues emerge at trial. Supreme Court has "broad discretion in controlling discovery and disclosure," including the power to preclude the use of a belatedly filed expert report where the delay was willful or caused prejudice to the opposing party, and the foregoing satisfies us that there was no abuse of that discretion here (Seale v Seale, 149 AD3d 1164, 1165 [2017] [internal quotation marks and citations omitted]; see CPLR 3101 [d] [1] [i]; 22 NYCRR 202.16 [g] [2]; Nathel v Nathel, 55 AD3d 434, 435 [2008]; Myers v Myers, 255 AD2d 711, 713 [1998]).
Finally, with regard to the award of child support, remittal is necessary. The husband acknowledges that Supreme Court's decision provides adequate detail to determine that it considered the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]) and applied the child support percentage to the combined parental income up to the statutory cap. "Supreme Court failed to articulate the factors it considered in electing not to include income over the statutory cap . . . in its final child support award," however, and it was required to do so (Stuart v Stuart, 155 AD3d 1371, 1374-1375 [2017]; see Domestic Relations Law § 240 [1-b] [c] [3]; Matter of Cassano v Cassano, 85 NY2d 649, 654-655 [1995]; Sadaghiana v Ghayoori, 83 AD3d 1309, 1312 [2011]). The parties further agree, as do we, that Supreme Court erred in directing the husband to maintain health insurance for the parties' children until they graduated from college, even if they graduated after they reached the age of 21 and his child support obligation otherwise terminated (see Domestic Relations Law §§ 236 [B] [8] [a]; 240 [1-b] [b] [2]).
We have considered the husband's remaining contentions and found them to be lacking in merit.
Garry, P.J., Lynch, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as fixed defendant's child support obligation; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision[*4]; and, as so modified, affirmed.



Footnotes

Footnote 1: The notice of appeal purports to be an appeal from the underlying decision as well as the judgment itself, but we note that the decision is not an appealable paper (see CPLR 5512 [a]; Heather B. v Daniel B., 125 AD3d 1157, 1158 n 1 [2015]).

Footnote 2: The stipulation essentially provided, in relevant part, that the parties would be credited for mortgage payments made during the pendency of this action when the marital residence was sold to a third party and the proceeds distributed. The husband indicates in his brief that such a sale occurred and does not suggest that he failed to receive his agreed-upon share of the proceeds. He fails to make any compelling argument as to why he should be credited for payments of utility bills on the marital residence that were not provided for in the parties' agreed-upon division of marital property.

Footnote 3: The husband evinces confusion as to how long he is obliged to pay maintenance given Supreme Court's silence on when the nine-year period of maintenance was to begin and end. Notwithstanding recent amendments to the maintenance provisions of the Domestic Relations Law, however, Supreme Court remains obliged to make an award of postdivorce maintenance "upon application by a party," continuing the longstanding rule that the award becomes effective upon the initial request for maintenance (Domestic Relations Law § 236 [B] [6] [a], as amended by L 2015, ch 269, § 4; see Burns v Burns, 84 NY2d 369, 377 [1994] [addressing prior version of statute]; McAteer v McAteer, 294 AD2d 783, 784 [2002] [same]). The nine-year period accordingly began to run, by operation of law, on January 17, 2018, the date that the wife commenced this action and first requested maintenance in her summons and complaint.

Footnote 4: Notably, Supreme Court explicitly considered "the tax consequences to each party" in determining that the postdivorce maintenance guideline obligation was unjust or inappropriate and making an upward adjustment (Domestic Relations Law § 236 [B] [6] [e] [1] [j]).