Giuliano v Giuliano (2022 NY Slip Op 02160)





Giuliano v Giuliano


2022 NY Slip Op 02160


Decided on March 31, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 31, 2022

529780
[*1]Vincent Giuliano, Respondent,
v
Pamela Giuliano, Appellant.

Calendar Date:February 10, 2022

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for appellant.
Whiteman Osterman & Hanna LLP, Albany (Robert S. Rosborough IV of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the Supreme Court (McNally Jr., J.), entered March 20, 2019 in Rensselaer County, ordering, among other things, equitable distribution of the parties' marital property, upon a decision of the court.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1993 and have three children (born in 1994, 1998 and 2007). In 2015, the husband commenced this divorce action, and a nonjury trial was held on various contested issues. Following the trial's conclusion, Supreme Court issued a decision wherein, as relevant here, it calculated the presumptive maintenance and child support amounts to be paid by the husband, but lowered them upon finding that the statutory amounts were inappropriate. The court also awarded the wife 5% of the value of the husband's business based upon her indirect contributions thereto and denied the wife's request for a buyout of the furniture in the marital residence. A judgment was subsequently entered thereon, from which the wife appeals.
The wife asserts that Supreme Court erred in imputing income to her. "Income may be imputed based upon a prior employment experience, as well as such person's future earning capacity in light of that party's educational background" (Arthur v Arthur, 148 AD3d 1254, 1256 [2017] [internal quotation marks, brackets and citations omitted]). At trial, the wife testified that she was a registered nurse and that she applied for various full-time nursing jobs. She had worked part time as a nurse but also taught yoga classes. The wife explained that she could not work on a full-time basis because of the needs of the youngest child. The wife's friend, however, was asked at trial whether the wife made any comment to her to the effect that returning to full-time work would hurt her divorce case, to which the friend responded, "I believe so." The friend also testified that she did not tell the wife about nursing opportunities because "[t]here was no interest."
Although the wife argues that Supreme Court improperly relied on the friend's testimony in imputing income to her, it was within the province of the court, as the trier of fact, to credit such testimony. Furthermore, the court considered that there was no proof indicating that the wife was not capable of full-time employment as a nurse. In view of the record evidence and taking into account that the court's credibility determinations are entitled to deference (see Seale v Seale, 149 AD3d 1164, 1170 [2017]), the court providently exercised its discretion in imputing income to the wife (see Matter of Henry v Bell, 185 AD3d 1168, 1170 [2020]; Johnson v Johnson, 172 AD3d 1654, 1656 [2019]; Mack v Mack, 169 AD3d 1214, 1217 [2019]).
Contrary to the wife's contention, Supreme Court did not err in imputing income to her in the amount of $58,000. The court reached this $58,000 amount based upon the wife's capability of full-time work, her testimony regarding her hourly wage as a nurse [*2]and by taking into account a 40-hour work week. Because the court did not abuse its discretion in its calculation of imputed income, it will not be disturbed (see Headwell v Headwell, 198 AD3d 1130, 1132-1133 [2021]; Carlson-Subik v Subik, 257 AD2d 859, 860 [1999]).
As to the wife's challenge to Supreme Court's determination reducing her maintenance from the presumptive amount to a monthly amount of $450 for a period of three years, "[t]he amount and duration of a maintenance award are addressed to the sound discretion of the trial court[] and will not be disturbed provided that the statutory factors and the parties' predivorce standard of living are considered" (Stuart v Stuart, 155 AD3d 1371, 1372 [2017] [internal quotation marks and citations omitted]; see Biagiotti v Biagiotti, 97 AD3d 941, 942 [2012]). Because this divorce action was commenced in 2015, the various factors to be considered are set forth in Domestic Relations Law former § 236 (B) (6) (a) (see Stuart v Stuart, 155 AD3d at 1372 n 2). "The court need not analyze and apply each and every factor set forth in the statute, but must provide a reasoned analysis of the factors it ultimately relies upon in awarding maintenance" (Robinson v Robinson, 133 AD3d 1185, 1186 [2015] [internal quotation marks and citations omitted]; see Hartog v Hartog, 85 NY2d 36, 51 [1995]).
Supreme Court found, and the record confirms, that the wife was in good health and was capable of economic independence based on her work as a registered nurse and a yoga instructor. The court also considered that the husband paid most of the college expenses for the middle child, as well as medical costs for the middle and youngest children. The court's decision provided a reasoned analysis for deviating from the presumptive maintenance amount and, therefore, the court's determination will not be disturbed (see Curley v Curley, 125 AD3d 1227, 1228-1229 [2015]; Van Dyke v Van Dyke, 273 AD2d 589, 594 [2000]; Walters v Walters, 252 AD2d 775, 775 [1998]; Orlando v Orlando, 222 AD2d 906, 908 [1995], lv dismissed and denied 87 NY2d 1052 [1996]).
The wife also challenges Supreme Court's determination reducing the presumptive child support amount to be paid by the husband. The court's decision reflects that it considered the husband's contributions to the college expenses and medical costs of the children. Even if we agreed with the wife that the court erroneously factored certain expenses (see Matter of Ryan v Ryan, 110 AD3d 1176, 1180-1181 [2013]), having reviewed the record in its entirety, its determination on this point will not be disturbed (see Elizabeth B. v Scott B., 189 AD3d 1833, 1837-1838 [2020]; Riemersma v Riemersma, 84 AD3d 1474, 1477 [2011]; Matter of Fuller v Witte, 22 AD3d 983, 985 [2005]).
The wife, however, correctly contends that the reduced maintenance and child support awards should have been retroactively ordered (see Ungar v Savett, 84 AD3d 1460, 1461-1462 [2011]; Koczaja v Koczaja, 195 AD2d [*3]693, 693 [1993], lv denied 83 NY2d 756 [1994]). Although "[our] authority is as broad as that of the Supreme Court" (Cummins v Lune, 151 AD3d 1258, 1260 [2017] [internal quotation marks and citations omitted]), it cannot be discerned from the record when the wife demanded maintenance and child support (compare Pace v Pace, 187 AD3d 1443, 1447 [2020]) and whether the husband is entitled to any credits. The matter must therefore be remitted for the purpose of determining the amount of retroactive maintenance and child support and the amount of credits, if any, to which the husband is entitled (see Petrie v Petrie, 124 AD2d 449, 451 [1986], lv dismissed 69 NY2d 1038 [1987]).
The wife takes issue with Supreme Court's determination awarding her 5% of the value of the husband's business. The wife relies on her testimony that she performed tasks for the business and assisted with administrative and operational matters. The husband, however, offered proof to the contrary as to the wife's direct contributions to his business. Presented with conflicting proof, the court did not credit the wife's testimony, and no basis exists to disturb its credibility determination (see Vertucci v Vertucci, 103 AD3d 999, 1004 [2013]). As to the wife's indirect contributions, the court noted, and the evidence discloses, that the wife cared for the children and contributed to the overall household income while the husband worked. That said, upon a review of the record, we are of the view that the wife should have been awarded 15% of the value of the husband's business (see id.; Hiatt v Tremper-Hiatt, 6 AD3d 1014, 1015-1016 [2004]).
Finally, Supreme Court did not abuse its discretion in denying the wife's request for a buyout of the furniture in the marital home. The wife's remaining contentions, to the extent not specifically discussed herein, have been considered and are unavailing.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by (1) deleting the provision awarding defendant 5% of the value of plaintiff's business and substituting therefor an award of 15% and (2) reversing so much thereof as failed to award retroactive maintenance and child support; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.